# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2019 03:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, N.A., a national banking·association; and DOES
1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARLENE KRISTOVICH, an individual and as Trustee
(Additional Parties Attachment form is attached.)

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>19STCV19173 |
|---|---|

111 N. Hill St., Los Angeles, CA, 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neville L. Johnson, 439 N. Canon Dr., Suite 200, Beverly Hills, CA, 90210; 310-975-1080

| DATE:<br>*(Fecha)* 06/03/2019 | Sherri R. Carter Executive Officer / Clerk of Court |
|---|---|
| | Clerk, by _____ Romunda Clifton _____, Deputy<br>*(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bank of America ,N.A. ,a national banking association

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 6/14/19

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Marlene Kristovich et al. v. Bank of America | . |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

of the June 25, 1985 Trust aka Trust utd 6/25/85, the March 21, 2013 Trust, the June 15, 2013 Trust, and the August 1, 2013 Trust,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Neville L. Johnson (SBN 66329)
Robert Paredes (SBN 255329)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email:         njohnson@jjllplaw.com
               rparedes@jjllplaw.com

Attorneys for Plaintiffs, Marlene Kristovich, an individual and as Trustee of the June 25, 1985 Trust
aka Trust utd 6/25/85, the March 21, 2013 Trust, the June 15, 2013 Trust, and the August 1, 2013 Trust

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARLENE KRISTOVICH, an individual and as Trustee of the June 25, 1985 Trust aka Trust utd 6/25/85, the March 21, 2013 Trust, the June 15, 2013 Trust, and the August 1, 2013 Trust,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a national banking association; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1.    **BREACH OF CONTRACT;**<br>2.    **NEGLIGENCE;**<br>3.    **INVASION OF PRIVACY [PUBLICATION OF PRIVATE FACTS]; AND**<br>4.    **INVASION OF PRIVACY [VIOLATION OF STATUTE]**<br><br>**DEMAND FOR JURY TRIAL** |

1    1.    Plaintiff MARLENE KRISTOVICH ("Plaintiff") hereby alleges as follows:

2    **PARTIES**

3    2.    Plaintiff is an individual and a resident of the State of California, County of Los

4    Angeles. Plaintiff is the trustee of the June 25, 1985 Trust aka Trust utd 6/25/85, the March 1, 2013

5    Trust, the June 15, 2013 Trust, and the August 1, 2013 Trust.

6    3.    Defendant BANK OF AMERICA, N.A. ("Defendant" and/or "BANA") is a national

7    banking association organized under the laws of the United States and a resident of the state of

8    California.

9    4.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

10   mentioned, each defendant named herein was the agent and/or employee of the other co-defendants,

11   and at all times were and are acting within the purpose and scope of such agency and/or employment,

12   and with the permission and consent of his/her/its co-defendants with knowledge, authorization,

13   permission, consent, and/or subsequent ratification and approval of each co-defendant. Plaintiff is

14   further informed and believes, and based thereon alleges, that each named and unnamed defendant

15   knowingly and willfully conspired and agreed among themselves to deprive Plaintiff of her rights and

16   to cause the damages described herein.

17   5.    Plaintiff is ignorant of the true names of defendants sued herein as DOES 1 through 20

18   inclusive, and therefore sues those defendants under such fictitious names. Plaintiff is informed and

19   believes, and based thereon alleges, that each of the fictitiously named defendants are responsible in

20   some manner for the actions or inactions alleged herein. Plaintiff will amend this Complaint when the

21   true identities of said DOES have been ascertained.

22   **BACKGROUND ALLEGATIONS**

23   6.    Plaintiff is a retired judge of the Los Angeles Superior Court. Governor George

24   Duekmajian appointed Plaintiff to the Los Angeles Municipal Court in 1990, and in 1994 she was

25   elected to the Los Angeles Superior Court where she handled criminal, civil, probate, family law, and

26   writs until 2011. Plaintiff maintains a low profile and carefully guards and protects her personal

27   information because as a retired judge her privacy is a matter of financial and personal safety.

28

7.     Plaintiff has been a BANA customer since 1952.  Her father, Baldo Kristovich, opened Plaintiff's first account with BANA.  Mr. Kristovich died on March 1, 2013.

8.     Plaintiff and her sister, Maria T. Reynoso ("Maria"), are co-trustees of The Kristovich Family Trust, dated March 19, 1986, as amended (the "Trust").

9.     On or about February 5, 2014, Maria filed a Petition for the return of property that was allegedly converted from the Trust by Plaintiff (LASC Case No. BP149121) (the "Underlying Action").

10.    Maria and her attorneys engaged in scorched earth discovery by propounding voluminous, overbroad, harassing, and wholly unwarranted subpoenas to Plaintiff's financial institutions.  Specifically, Maria sought Plaintiff's private banking information, which is protected by Article 1, §1, of the California Constitution.

11.    On May 19, 2017, the court in the Underlying Action issued a Protective Order precluding discovery into Plaintiff's private financial information which included Plaintiff's personal accounts, as well as her joint accounts with Baldo Kristovich or any other party not related to the Trust.

12.    On October 25, 2017, the court in the Underlying Action issued another Order precluding discovery into Plaintiff's personal bank accounts.

13.    On February 7, 2018, Maria's counsel issued deposition subpoenas for the production of business records to non-party, BANA.  Among other things, the subpoenas specifically requested documents from Plaintiff's accounts, which were not discoverable under the October 25, 2017 Order.

14.    Notwithstanding Defendant's receipt of the Protective Order and the court's October 25, 2017 Order, on March 15, 2018, Defendant produced 4024 pages of Plaintiff's detailed financial records including records relating to seven of Plaintiff's personal bank accounts.  Maria's counsel did not contact BANA or Plaintiff's counsel regarding the production.  Instead, Maria's counsel provided Plaintiff's private and confidential financial information to Maria and her experts in the Underlying Action so that they could evaluate and exploit the information to Plaintiff's detriment.  Plaintiff is informed and believes, and based thereon alleges, that Maria disseminated Plaintiff's private financial information to her sister, Madeline Thomas ("Madeline"), and other individuals listed below.  Upon

2
COMPLAINT

1 | information and belief, Madeline funded the Underlying Action for Maria because she was upset that
2 | Baldo Kristovich disinherited Madeline.

3 |      15.    Two months after the unauthorized production, Maria's counsel notified Plaintiff's
4 | counsel of the production. Plaintiff's counsel promptly sought to unwind Defendant's egregious error,
5 | but by then the damage had already been done. Defendant delivered over 4000 pages of Plaintiff's
6 | personal financial records to the very people who should never possession of Plaintiff's personal and
7 | confidential financial information.

8 |      16.    Armed with Plaintiff's personal financial information, Maria appeared at BANA's La
9 | Verne branch on June 21, 2018 to seek various financial records. Plaintiff is informed and believes,
10 | and based thereon alleges, that Maria used the information wrongfully provided to her by BANA and
11 | her father's death certificate to "red heart" several of Plaintiff's private BANA accounts including at
12 | least two personal accounts, her own personal trust account, and a safety deposit box. An account is
13 | "red hearted" when it is frozen due to a death and/or dispute relating to the account.

14 |      17.    BANA's bungling incompetence can only be described as a comedy of errors. BANA
15 | neglected the court's discovery and protective orders, it produced thousands of pages of private and
16 | confidential financial records that have nothing to do with the Underlying Action and that no
17 | reasonable financial institution would release, and then it froze Plaintiff's accounts based on the
18 | information it wrongfully produced to Maria and her attorneys.

19 |      18.    On or about June 26, 2018, Plaintiff's sister, Gina Pilloud ("Gina"), called Plaintiff
20 | regarding a discussion she had with Madeline. Gina relayed that Madeline wants Plaintiff "out on the
21 | street" and that they [*i.e.*, Madeline and Maria] now have Plaintiff's bank account numbers, social
22 | security number, and passwords and that they intend to "screw" Plaintiff with that information.

23 |      19.    Plaintiff promptly called BANA and was informed that several of her personal accounts
24 | had been frozen. Upon information and belief, the accounts were frozen based on information
25 | provided to Maria by BANA. By freezing the accounts BANA denied Plaintiff access to her own
26 | accounts.

27 |
28 |

1       20.     On August 9, 2018, Maria's counsel propounded written discovery that contained

2   information that could only have been obtained through the review of Plaintiff's personal, confidential

3   financial information.  Then on August 14, 2018, Maria's counsel issued more subpoenas to BANA

4   seeking records from Plaintiff's private accounts, which Maria now had significant access to due to

5   Defendant's data breach.  The new round of discovery and subpoenas forced Plaintiff's counsel in the

6   Underlying Action to file a motion to quash the subpoenas, for a protective order, and for a stay of

7   discovery pending clarification of the court's orders and for monetary sanctions (the "Motion to

8   Quash").

9       21.     On January 16, 2019, the court in the Underlying Action considered the Motion to

10  Quash and found and held the following:

11              — [Maria] used information from [BANA's] improperly produced documents despite
                purportedly returning the documents to BANA;
12

13              — [Maria'] counsel appears to have recognized the potential seriousness of the
                improper production..."

14              — [Maria's] counsel does not explain why her counsel did not also immediately instruct
                her consultant of the improper nature of the production, to stop further review and to
15              disregard the contents of the produced documents.  [Maria] instead used information her
                consultant obtained in his or her review of these documents to propound discovery on
16              [Plaintiff] and to seek additional information regarding [Plaintiff's] finances.

17              — ...a review of the [wrongfully] produced documents should have indicated that they
                were inadvertently produced and not to be examined or otherwise used by [Maria].
18
                — [T]he Court finds that it was an abuse of the discovery process and a violation of the
19              Court's October 25, 2017 protective order for [Maria] to use documents and
                information from BANA's production after [Plaintiff] identified them as having been
20              improperly produced.

21              — The Court... ORDERS [Maria] to disclose the name of the consultant who reviewed
                the disclosures and DISQUALIFIES the use of this consultant in this matter.  The Court
22              further ISSUES an evidentiary sanction against the use of any materials or information
                obtained from the improper disclosure of [Plaintiff's] personal financial records.
23
                — The Court... GRANTS [Plaintiff] monetary sanctions in the amount of $24,120.
24

25      22.     Maria has submitted to the court in the Underlying Action a Request for Dismissal.

26      23.     Plaintiff personally spent dozens of hours on the telephone and at BANA branches

27  trying to mitigate her damages from the wrongful disclosure of her private, confidential information.

28

1  Plaintiff also spent dozens of hours trying to unwind the wrongful freezing of her accounts by BANA.
2  To her great consternation, aggravation, embarrassment, and humiliation, BANA locked Plaintiff out
3  of her own accounts, failed to provide access to the accounts, and to add insult to injury gave Plaintiff
4  a complete run-around when Plaintiff tried to clear up BANA's repeated errors.

5      24.    Plaintiff also incurred significant attorney's fees and costs in connection with her
6  attorney's efforts to correct BANA's wrongful disclosure of personal, private, and confidential
7  information.

8      25.    As a direct and proximate result of Defendant's wrongful actions and breaches, Plaintiff
9  has been damaged in at least the sum of $500,000, with the exact amount to be proven at time of trial.

10  **FIRST CAUSE OF ACTION**

11  **[For Breach of Contract Against Defendant (Seven BANA Accounts)]**

12      26.    Plaintiff repeats and incorporates herein by reference the allegations set forth above as
13  though fully set forth herein.

14      27.    Between 1985 and October 2015, Plaintiff entered into seven agreements for personal,
15  trust, and safety deposit box accounts with Defendant (collectively, the "Kristovich Accounts").
16  Among other things, these agreements provided that:

17          — Defendant would open and maintain for Plaintiff account numbers ending in (i)
18          XXXX, (ii) XXXX, (iii) XXXX, (iv) XXXX, (v) XXXX, (vi) XXXX, and (vii)
19          XXXX[1];

20          — Defendant agreed to keep Plaintiff's money and assets safe and available for
21          Plaintiff's use and/or withdrawal;

22          — Plaintiff agreed that these accounts were, among other things, subject to fees and
23          other uses.

24      28.    Implied in Plaintiff's agreements with Defendant, to California law and Article I, §1 of
25  the California Constitution, Defendant took upon itself certain obligations and duties to Plaintiff.

26

27  [1] To protect Plaintiff's privacy, the listed account numbers have been removed.

28

29.     Plaintiff had an inalienable right to privacy with respect to her confidential financial affairs with Defendant.

30.     Plaintiff had a reasonable expectation of privacy with respect to her financial information in Defendant's possession, and it was understood that her banking information would be utilized by Defendant for internal banking purposes only.

31.     Defendant impliedly agreed not to divulge Plaintiff's confidential information without Plaintiff's consent.

32.     Notwithstanding such agreement, on March 15, 2018, Defendant without Plaintiff's consent and without any notice and in direct contravention of the court's orders, disseminated over 4000 pages of Plaintiff's personal, private, and confidential financial information to Maria, Madeline, Manuel Reynoso, Evan Owen Thomas III, Lauriann Wright, Jerald Andrew Douglas, David Kim, Maria's consultants/experts in the Underlying Action, and to other unknown third parties.

33.     The personal, private, and confidential information wrongfully disseminated by Defendant to third persons was used against Plaintiff in the Underlying Action. Indeed, the unauthorized release of the personal, private, and confidential information resulted in unauthorized discovery, law and motion, letters, telephone calls, and hearings that caused Plaintiff to incur significant attorney's fees and costs.

34.     Plaintiff performed all conditions of her agreements with Defendant.

35.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff incurred at least $100,000 in attorney's fees.

36.     The foregoing agreements directly affected Plaintiff's personal welfare including her personal and financial security. It was foreseeable that the breach of these agreements would likely and in fact did result in Plaintiff's serious emotional distress in connection with the dissemination of her personal, private, and confidential financial information. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff suffered anguish, fear, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, and shame.

## SECOND CAUSE OF ACTION

6

**[For Negligence Against Defendant]**

37.     Plaintiff repeats and incorporates herein by reference the allegations set forth above as though fully set forth herein.

38.     At all times mentioned, Defendant had an affirmative duty to protect Plaintiff's Constitutional right to privacy in her financial affairs.  Specifically, Defendant had a duty to maintain the privacy of Plaintiff's personal accounts by receiving and processing the May 19, 2017 Protective Order and the October 25, 2017 Order prohibiting the production of Plaintiff's personal, private, and confidential accounts.  Defendant did not do this. Defendant further had a duty to conduct due diligence in its response to overbroad deposition subpoenas for private financial records.  This includes the duty to contact Plaintiff regarding the requests for thousands of personal, private, and confidential financial documents.

39.     On March 15, 2018, Defendant breached its duties to Plaintiff by engaging in the negligent, wrongful, careless, reckless, and unreasonable conduct described above.  Specifically, Defendant produced 4024 pages of Plaintiff's detailed financial records including records relating to seven of Plaintiff's personal bank accounts.  Defendant's dissemination of Plaintiff's personal, private, and confidential financial records was egregious and grossly negligent.  Plaintiff is informed and believes, and based thereon alleges, that even a cursory review of Plaintiff's BANA file would have reflected the existence of a Protective Order and an Order precluding the production of the very documents that BANA handed to Maria and made public to Madeline, Manuel Reynoso, Evan Owen Thomas III, Lauriann Wright, Jerald Andrew Douglas, David Kim, Maria's consultants/experts in the Underlying Action, and to other unknown third parties.

40.     Defendant knew or should have known that its failure to maintain the privacy of Plaintiff's personal, private, and confidential financial information would result in substantial damages to Plaintiff.

41.     As a direct and proximate result of Defendant's negligence, carelessness, and grossly unreasonable conduct, Plaintiff has suffered damages in at least the sum of $500,000, with the exact amount to be proven at time of trial.

42.     As a further direct and proximate result of Defendant's negligent conduct alleged herein, Plaintiff has suffered serious emotional distress. Plaintiff is a retired jurist that carefully guards her personal and physical safety. Defendant's data breach, which resulted in the disclosure of her finances, her social security number, and other identifying information to known and as yet unknown third persons has caused Plaintiff to suffer anguish, fear, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, and shame. Indeed, Plaintiff has been informed that Madeline and Maria intend to "screw" Plaintiff after gaining access to passwords, financial data, and personal identifying information. Plaintiff takes these threats seriously considering their conduct vis-à-vis the Underlying Action.

43.     Defendant's negligence was a substantial factor in causing Plaintiff's serious emotional distress.

### THIRD CAUSE OF ACTION

**[For Invasion of Privacy – Public Disclosure of Private Facts Against Defendant]**

44.     Plaintiff repeats and incorporates herein by reference the allegations set forth above as though fully set forth herein.

45.     As alleged above, on March 15, 2018, Defendant distributed Plaintiff's personal, private, and confidential financial information to Maria and her attorneys. Maria distributed Plaintiff's private information to Madeline. Plaintiff is informed and believes, and based thereon alleges, that Maria and Madeline distributed Plaintiff's information to Manuel Reynoso and Evan Owen Thomas III. Plaintiff is further informed, and believes, and based thereon alleges, that Plaintiff's financial information was distributed by defendant DOES 1 through 20.

46.     The facts about Plaintiff's personal, private, and confidential financial information were private facts that Plaintiff desired to keep private.

47.     The disclosure by Defendant of the above information was offensive and objectionable to Plaintiff, as well as to a reasonable person of ordinary sensibility, in that the information disclosed personal financial information, passwords, and personal identifying information.

48.     The personal, private, and confidential financial information disclosed by Defendant was not of legitimate public concern or newsworthy, and was not disclosed for such a purpose. The disclosure of the information did not bear any logical relationship to any newsworthy subject or broadcast, and was intrusive in great proportion to any relevance it might have.

49.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages. Plaintiff is a retired judge and is subject to financial and physical danger. Plaintiff seeks general and special damages, which include but are not limited to amounts to secure the safety of her family and investigation expenses, in an amount according to proof.

50.     As a further direct and proximate result of Defendant's negligent conduct alleged herein, Plaintiff has suffered serious emotional distress. Plaintiff is a retired judge that carefully guards her personal and physical safety. Defendant's data breach, which resulted in the disclosure of her finances, her social security number, and other identifying information to known and as yet unknown third persons has caused Plaintiff to suffer anguish, fear, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, and shame. Indeed, Plaintiff has been informed that Madeline and Maria intend to "screw" Plaintiff after gaining access to passwords, financial data, and personal identifying information. Plaintiff takes these threats seriously considering their conduct vis-à-vis the Underlying Action.

51.     In making the disclosures described above, Defendant is guilty of oppression, fraud, or malice in that it made the disclosures with knowledge that it would endanger Plaintiff's financial and physical safety. Plaintiff therefore seeks an award of punitive damages.

## FOURTH CAUSE OF ACTION

### [For Invasion of Privacy (Article 1, §1 California Constitution) Against Defendant]

52.     Plaintiff repeats and incorporates herein by reference the allegations set forth above as though fully set forth herein.

53.     Article 1, §1 of the California Constitution provides:

> All people are by nature free and independent and have certain inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

9
COMPLAINT

54.     Plaintiff's bank records are private, confidential information and as such Plaintiff is entitled to a right of privacy in these records, an "inalienable right" protected by force of Constitutional mandate.  Indeed, Plaintiff had a "reasonable expectation of privacy" with respect to the financial information that Plaintiff disclosed to BANA.

55.     Defendant disclosed Plaintiff's purely personal, private, and confidential financial information and bank records (*i.e.*, not available to the public) to Maria, Madeline, Manuel Reynoso, Evan Owen Thomas III, Lauriann Wright, Jerald Andrew Douglas, David Kim, Maria's consultants/experts in the Underlying Action, and to other unknown third parties.

56.     A reasonable person in Plaintiff's position would consider the publicity of his or her personal, private, and confidential financial and identifying information highly offensive.

57.     The disclosure of Plaintiff's personal, private, and confidential financial records was not a matter of legitimate public concern.

58.     Defendant knew that Plaintiff's financial and personal records were private and showed reckless disregard for Plaintiff's privacy by disseminating the information to public persons.

59.     Defendant's conduct caused Plaintiff great harm.  Defendant disseminated Plaintiff's personal, private, and confidential information, which was subject to a Protective Order and another court Order.  Plaintiff incurred thousands of dollars in attorney's fees and costs obtaining orders precluding the use of Plaintiff's personal financial records in the Underlying Action and in attempting to limit the further dissemination of her personal and financial information.

60.     As a further direct and proximate result of Defendant's negligent conduct alleged herein, Plaintiff has suffered serious emotional distress.  Plaintiff is a retired judge that carefully guards her personal and physical safety.  Defendant's data breach, which resulted in the disclosure of her finances, her social security number, and other identifying information to known and as yet unknown third persons has caused Plaintiff to suffer anguish, fear, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, and shame.  Indeed, Plaintiff has been informed that Madeline and Maria intend to "screw" Plaintiff after gaining access to passwords, financial data, and personal

identifying information.  Plaintiff takes these threats seriously considering their conduct vis-à-vis the Underlying Action.

61.     In doing the acts herein alleged, Defendant acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendant.

WHEREFORE, Plaintiff prays for relief as follows:

1.     For special and general damages according to proof, but in at least the sum of $500,000;

2.     For punitive damages according to proof;

3.     For costs of suit and all other recoverable costs as authorized by law; and

4.     For such other and further relief as the Court deems just and proper.

Dated:  June 3, 2019                            **JOHNSON & JOHNSON LLP**

By: _____
        Neville L. Johnson
        Robert Paredes
        Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a trial by jury.

3

4     Dated:  June 3, 2019                              **JOHNSON & JOHNSON LLP**

5

6

7                                          By: _____
                                                 Neville L. Johnson
8                                                Robert Paredes
                                                 Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2019 03:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:19-cv-06057-JFW-SS Document 1-1 Filed 07/15/19 Page 17 of 49 Page ID #:22

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Neville L. Johnson (SBN 66329)<br>Robert Paredes (SBN 255329)<br>Johnson & Johnson LLP 439 N. Canon Dr., Suite 200<br>Beverly Hills, CA, 90210<br>TELEPHONE NO.: 310-975-1080    FAX NO.: 310-975-1095<br>ATTORNEY FOR *(Name)*: Plaintiffs, Marlene Kristovich et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles .      .
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Marlene Kristovich et al. v. Bank of America

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☒ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify)*: 4

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 3, 2019
Robert Paredes
_____   ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE: Marlene Krlstovich et al. v. Bank of America | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Marlene Kristovich et al. v. Bank of America | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Marlene Kristovich et al. v. Bank of America | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Marlene Kristovich et al. v. Bank of America | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 818 West Seventh Street, Suite 930 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 3, 2019 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/03/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Romunda Clifton _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV19173 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Richard E. Rico | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        Sherri R. Carter, Executive Officer / Clerk of Court

on  06/04/2019                                                    By Romunda Clifton                       , Deputy Clerk
     (Date)

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
      **STIPULATION – DISCOVERY RESOLUTION**
      Page 2 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____  ➢ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

_____  _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                (INSERT DATE)                                     (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

              &gt;_____
                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

#### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

#### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

#### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

#### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   • JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   • Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   • Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   • Free or low-cost mediations before the day of trial for these and other case types.
   • For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

1

2

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizallnda Mina

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

8    IN RE LOS ANGELES SUPERIOR COURT )       FIRST AMENDED GENERAL ORDER
     – MANDATORY ELECTRONIC FILING  )
9    FOR CIVIL                       )
                                     )
10                                   )
                                     )
11   _____)

12          On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19       a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

20          quickly locate and navigate to a designated point of interest within a document.

21       b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

22          portal, that gives litigants access to the approved Electronic Filing Service Providers.

23       c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

24          of documents to the Court for processing which may contain one or more PDF documents

25          attached.

26       d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27          document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2  Electronic filing service providers must obtain and manage registration information for persons

3  and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5  a) Electronic documents must be electronically filed in PDF, text searchable format **when**

6  technologically feasible without impairment of the document's image.

7  b) The table of contents for any filing must be bookmarked.

8  c) Electronic documents, including but not limited to, declarations, proofs of service, and

9  exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10  3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11  item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12  bookedmarked item and briefly describe the item.

13  d) Attachments to primary documents must be bookmarked. Examples include, but are not

14  limited to, the following:

15     i)   Depositions;

16     ii)  Declarations;

17     iii) Exhibits (including exhibits to declarations);

18     iv)  Transcripts (including excerpts within transcripts);

19     v)   Points and Authorities;

20     vi)  Citations; and

21     vii) Supporting Briefs.

22  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23  encouraged.

24  f) Accompanying Documents

25  Each document acompanying a single pleading must be electronically filed as a **separate**

26  digital PDF document.

27  g) Multiple Documents

28  Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i)    Any printed document required pursuant to a Standing or General Order;

        ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii)  Pleadings and motions that include points and authorities;

        iv)  Demurrers;

        v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi)  Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10    DATED:  May 3, 2019                  KEVIN C. BRAZILE

11                                                            KEVIN C. BRAZILE
                                                             Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Marlene, an individual and as Trustee Kristovich  et al

DEFENDANT:
Bank of America, N.A., a national banking association

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

06/18/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By:  _Carol Ellis_  Deputy

CASE NUMBER:
19STCV19173

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 09/17/2019    Time: 8:30 AM    Dept.: 17

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

**Richard E. Rico**

Dated:  06/18/2019

_Richard E. Rico / Judge_
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Neville L Johnson
439 N Canon Dr Suite 200
Beverly Hills, CA 90210

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  06/18/2019

By  Carol Ellis
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Stanley Mosk Courthouse<br><br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>06/18/2019 |
| PLAINTIFF(S):<br><br>Marlene, an individual and as Trustee Kristovich  et al | Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ Carol Ellis _____ Deputy |
| DEFENDANT(S):<br><br>Bank of America, N.A., a national banking association | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br><br>19STCV19173 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>06/21/2019</u> at <u>8:30 AM</u> in department <u>17</u> of this court, <u>Stanley Mosk Courthouse</u>,
and show cause why sanctions should not be imposed for:

[✓]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Richard E. Rico**

Dated:  <u>06/18/2019</u>                      Richard E. Rico / Judge

Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/18/2019 |
| PLAINTIFF/PETITIONER:<br>Marlene, an individual and as Trustee Kristovich  et al | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Carol Ellis _____ Deputy |
| DEFENDANT/RESPONDENT:<br>Bank of America, N.A., a national banking association | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV19173 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Neville L Johnson
JOHNSON & JOHNSON LLP
439 N Canon Dr Suite 200
Beverly Hills, CA  90210

Robert  Paredes
Johnson & Johnson LLP
439 N. Canon Drive, Suite 200
Beverly Hills, CA  90210


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/18/2019                    By: ___ Carol Ellis _____
                                          Deputy Clerk


**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/11/2019 01:15 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address) | FOR COURT USE ONLY |
|---|---|
| NEVILLE L. JOHNSON, (SBN 66329)<br>RONALD P. FUNNELL, (SBN 209897)<br>JOHNSON & JOHNSON LLP<br>439 N. CANON DRIVE, SUITE 200<br>BEVERLY HILLS, CA 90210 | |

TELEPHONE NO.: (310) 975-1080    FAX NO. *(Optional)*:

E–MAIL ADDRESS *(Optional)* :

ATTORNEY FOR *(Name)*: PLAINTIFFS MARLENE KRISTOVICH, ET AL.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: MARLENE KRISTOVICH, ET AL.<br><br>DEFENDANT/RESPONDENT: BANK OF AMERICA, N.A., ET AL. | CASE NUMBER: **19STCV19173** |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1086787JS |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of :
   - a. ☒ Summons
   - b. ☒ Complaint
   - c ☒ Alternative Dispute Resolution (ADR) package
   - d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐ cross-complaint
   - f. ☒ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; FIRST AMENDED GENERAL ORDER

3.    a. Party served: *(specify name of party as shown on documents served):*
        BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION
      b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
        REGISTERED AGENT, CT CORPORATION SYSTEM, BY SERVING DAISY MONTENEGRO, PROCESS SPECIALIST

4. Address where the party was served:   818 W. 7TH ST., STE. 930
                                          LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   - a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* JUNE 14, 2019   (2) at: *(time)* 12:40 PM

   - b. ☐ **by substituted service**. On *(date):*     at: *(time)*    . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    *(city):*    **or** ☐ a declaration of mailing is attached.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

(5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER:  MARLENE KRISTOVICH, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BANK OF AMERICA, N.A., ET AL. | **19STCV19173** |

5.  c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):               (1) (city):

    (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** (specify means of service and authorizing code section):

        ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐   as an individual defendant

    b. ☐   as the person sued under the fictitious name of (specify):

    c. ☒   on behalf of (specify): BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION

        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7.  **Person who served papers**

    a.  Name: MARIO LOPEZ

    b.  Address: **800 W. 1ST STREET, SUITE 200-B**
        **LOS ANGELES, CALIFORNIA 90012**

    c.  Telephone number: **(213) 607-9000**

    d.  The fee for service was: $ 80.00

    e.  I am:

**USA Legal Network**

        (1) ☐   not a registered California process server.

        (2) ☐   exempt from registration under Business and Professions Code section 22350(b).

        (3) ☒   registered California process server:

                (i)  ☐  owner  ☐  Employee  ☒  independent contractor.

                (ii) ☒  Registration No.:5986

                (iii) ☒  County: LOS ANGELES

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    Or

9. ☐  I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: JUNE 18, 2019

MARIO LOPEZ
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)

Page 2 of 2

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/21/2019 |
| PLAINTIFF(S):<br>Marlene, an individual and as Trustee Kristovich  et al | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Carol Ellis _____ Deputy |
| DEFENDANT(S):<br>Bank of America, N.A., a national banking association | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>19STCV19173 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>08/21/2019</u> at <u>8:30 AM</u> in department <u>17</u> of this court, <u>Stanley Mosk Courthouse</u>_____, and show cause why sanctions should not be imposed for:

[✓]     Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]     To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Richard E. Rico**

Dated:  <u>06/21/2019</u>

_____
Richard E. Rico / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/21/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Carol Ellis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Marlene, an individual and as Trustee Kristovich  et al | |
| DEFENDANT/RESPONDENT:<br>Bank of America, N.A., a national banking association | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV19173 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Neville L Johnson
JOHNSON & JOHNSON LLP
439 N Canon Dr Suite 200
Beverly Hills, CA  90210

Robert  Paredes
Johnson & Johnson LLP
439 N. Canon Drive, Suite 200
Beverly Hills, CA  90210


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/21/2019

By:   Carol Ellis
         Deputy Clerk


**CERTIFICATE OF MAILING**